# THE MILTON.

(Circuit Court of Appeals, Second Circuit. April 11, 1916.)

No. 116.

TOWAGE ☞11(10)—LIABILITY FOR INJURY TO TOW—UNSAFE MOORING.

A towing tug *held* not liable for injury to a loaded scow, owing to the uneven bottom on which she settled with the falling tide, on findings by the trial court that she was left in a safe place in a dock to await her turn to discharge, with directions to her master to put out lines, which he failed to do, in consequence of which she swung to the place of injury.

[Ed. Note.—For other cases, see Towage, Cent. Dig. § 23; Dec. Dig. ☞11(10).]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Clinton Point Stone Company, owner of scow No. 37, against the steam tug Milton, the Red Star Towing & Transportation Company, claimant, and the New York Trap Rock Company, impleaded. Decree dismissing the libel, and libelant appeals. Affirmed.

On appeal by the Clinton Point Stone Company, owner of the scow No. 37, from a decree which dismissed the libel against the steam tug Milton with costs. The decree also dismissed, with costs, the petition of the Red Star Towing Company against the New York Trap Rock Company.

Oscar D. Duncan, Warner C. Pyne, and Van Iderstine, Duncan & Barker, all of New York City, for appellant.

Burlingham, Montgomery & Beecher, of New York City (Charles C. Burlingham and Chauncey I. Clark, both of New York City, of counsel), for appellee.

Before COXE and WARD, Circuit Judges, and LEARNED HAND, District Judge.

COXE, Circuit Judge. This is an action brought by the owners of the scow No. 37 against the steam tug Milton to recover damages for alleged negligent towage.

The principal issue is whether the tug Milton was guilty of negligence in leaving the scow at Jones' dock at Bayville, Long Island. The important questions are all of fact and unless we are clearly satisfied that the trial judge has made erroneous findings we should not disturb his decree. All but two of the witnesses were present and testified before him at the trial.

The scow No. 37 is 112 feet long and 33 feet beam. At the time in question, November 17, 1913, she was loaded with trap rock and drew about 7 feet. The Milton is a tug 72 feet long and 22½ feet beam. When she left New York she was drawing about 9 feet. All

loaded scows taken to Bayville must of necessity lie on the bottom at low water which, if proper precautions are taken, may be done in safety, as there are no rocks or dangerous obstructions of any kind. When the Milton arrived with her tow it was impossible to place the scow at Jones' dock as another scow was there unloading at the time.

The tug placed No. 37 astern of the scow already there, made fast two lines from the forward corners to the scow at the dock and steamed away. Before doing this, her master instructed the master of No. 37 to run a line to the breakwater on each side of the channel. When the tug left, No. 37 was in a safe position. The master of the 37 neglected to run the lines as directed and the next morning it was discovered that the scow had swung from her safe position to one upon the west embankment.

It is unnecessary to give a more comprehensive résumé of the facts. We have stated them sufficiently for present purposes.

The contention that No. 37 was aground when the tug left her is not sustained. Certainly the judge was justified in accepting the statement of the master and mate of the tug rather than that of the master of No. 37. Even if the witnesses were equally credible, we should not substitute our judgment for that of the judge who saw and heard them on the stand and credited the tug's witnesses.

We think the tug was under no obligation to remain with the scow after leaving her at Jones' dock. If such vigilance were required of towing companies they could not long continue in business. The tug performed her full duty when she left the scow at her destination and gave proper instructions as to what should be done on the falling of the tide. We are unable to find any negligence on the part of the tug.

The decree is affirmed with costs.